UNITED STATES DISTRICT
COURT: SOUTHERN DISTRICT
OF FLORIDA

LESLIE FALMER,                                            Case No. 1:22-CV-21464

      Plaintiff,

vs.

GL STAFFING SERVICES, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff LESLIE FALMER, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant GL STAFFING SERVICES, INC., (hereinafter "Defendant"), a Florida Profit Corporation, and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, § 760, et seq. ("FCRA"); to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of sex as well as retaliation based on that discrimination, and The Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA and concurrent jurisdiction with United States District Courts to adjudicate federal claims and supplemental jurisdiction over the Florida State claims.

3. The claims asserted in this Complaint arose in Hialeah, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Hialeah, Florida.

**PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within Miami-Dade, Florida.

6. Plaintiff is over the age of eighteen. Plaintiff was female and/or a member of a protected class.

7. At all relevant times, Plaintiff was female and/or a member of a protected class. She is therefore a member of a class protected under Title VII, and the FRCA, because the terms, conditions, and privileges of her employment were altered because of her sex. Defendant was a "person" and/or an "employer" pursuant to Title VII, and the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

8. At all times material hereto Defendant was an "employer" within the meaning of the FCRA.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

10. Plaintiff is female and is a member of a class of persons protected from discrimination in her employment under Title VII, and the FRCA.

11. Defendant is a Florida Profit Corporation organized and existing in Florida with its principal place of business in Margate, Florida.

12. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII, and the FCRA.

13. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission.

14. That under a work sharing agreement between the EEOC and the FCHR, a charge with the EEOC is considered dual filed with the FCHR. Similarly, a charge filed with the FCHR or a local agency within the State of Florida is considered dual filed with the EEOC.

15. Plaintiff's Charge was filed on or about February 09, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under Federal Law.

16. Plaintiff's Charge was filed on or about February 09, 2021. The actions complained of herein occurred within 365 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under State Law.

17. Plaintiff was denied a position on January 13, 2021. Her Charge was therefore timely filed.

18. Plaintiff was issued a Notice of Right to Sue letter on February 11, 2022.

19. A Notice of Right to Sue satisfies conditions precedent under both Federal law and State law.

20. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation under Federal Law and the one-year time-period under State Law. *See Woodham v. Blue Cross & Blue Shield of Fla.*, 829 So. 2d 891 (Fla. 2002)

21. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS AND FACTS

22. Plaintiff, a female individual that was constructively terminated from a laborer position with Defendant on or about January 14, 2021.

23. Plaintiff possessed the necessary qualifications for the position she accepted to do for Defendant.

24. On or about January 13, 2021, Plaintiff came to Defendant's office to receive a work assignment and was given a work assignment that day by a female office worker whose name is unknown at this time.

25. On or about January 14, 2021, Plaintiff came to Defendant's office to clarify aspects of the work assignment she was provided on January 13, 2021. The same office worker that provided Plaintiff the work assignment on January 13, 2021, told Plaintiff that there was no work assignment currently available.

26. Plaintiff was perplexed by the office worker's response because it contradicts what the worker offered on January 13, 2021. On the same day of January 14, 2021, Plaintiff continued to inquire as to why there were no assignments available.

27. After this, an office manager – who had the power to hire and fire- whose name is unknown at this time came out to speak to the Plaintiff. The office manager told Plaintiff that there are only work assignments available for men.

28. Later on January, 14, 2021, Plaintiff told the office manager that she would contact the companies' human resources department ("HR") and report the blatant sex-based discrimination she was subjected to. Soon after reporting said discrimination to HR, Plaintiff

came back to the office wherein she was told by the office manager "even if I had work, I wouldn't give it to you".

29. The office managers' refusal to give Plaintiff work assignments after being made aware of Plaintiff's contact with human resources is retaliatory and was intended to punish Plaintiff due to her engaging in protected activities.

30. Plaintiff was actually and/or constructively terminated on or about January 14, 2021, because Plaintiff was told she would not be given any work assignments; thus there would be no reason for her to report to work to receive an assignment.

31. This termination was improper in all regards.

32. Plaintiff is female and a member of a protected group. Plaintiff was qualified for her job and completed previous work for the Defendant in the past. Plaintiff was subjected to an adverse action in that she was not provided work because she was not male and was constructively and/or actually terminated. Had Plaintiff been male, she would have received the work assignments of which she was excluded because she was a female.

33. Plaintiff's sex was the motivating factor in Defendants' decision for the termination of Plaintiff and any reason given by Defendant to justify Plaintiff's termination is mere pretext used to deny Plaintiff's sex as the motivating factor for her termination.

34. Defendant retaliated against Plaintiff due to Plaintiff contacting HR based upon the office manager's statement to Plaintiff, "even if I had work, I wouldn't give it to you" after said Plaintiff made the complaint to HR.

35. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I

**Sex Discrimination in Violation of 42 U.S.C. § 2000(e) (Against GL Staffing Services, Inc.)**

36. Plaintiff pursuant to Title VII, 42 U.S.C. § 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-35 of this initial complaint and states:

37. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. § 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin."

38. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's sex.

39. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's sex – Female.

40. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Female.

41. At the time of this treatment from employment, Plaintiff had the ability to perform the essential functions assigned to her by Defendant.

42. Plaintiff was qualified for the position apart from her apparent sex.

43. Plaintiff was discriminated against by the Defendant because she was Female.

44. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

45. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

46. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her sex in violation of Act with respect to its decision to treat Plaintiff different from other employees.

47. Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Female, in violation of the Act.

48. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering

49. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's sex.

50. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their sex. The discrimination on the basis of sex constitutes unlawful discrimination

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Actual damages as a result of Defendant's discriminatory actions;
B. Punitive damages due to Defendant's willful behavior;
C. Compensatory damages;
D. Injunctive relief where feasible;

    **E.**    Attorney's fees;

    **F.**    Costs of this action; and

    **G.**    Any other relief this Court deems proper

## COUNT II

**Hostile Work Environment in Violation of 42 U.S.C. § 2000e (Against GL Staffing Services, Inc.)**

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-50 of this complaint as if set out in full herein.

52. Plaintiff is a member of a protected class under Title VII.

53. As part of its protections, Title VII protects the rights of employees to work in a safe workplace free from harassment or abuse.

54. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the Title VII.

55. The harassing conduct Plaintiff was subjected to, was perpetrated against her as a result of being Female.

56. The harassment Plaintiff was subjected to, rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

57. Defendant's alleged bases for the adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

58. As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and

lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

  **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  **A.** Actual damages as a result of Defendant's discriminatory actions;

  **B.** Punitive damages due to Defendant's willful behavior;

  **C.** Compensatory damages;

  **D.** Injunctive relief where feasible;

  **E.** Attorney's fees;

  **F.** Costs of this action; and

  **G.** Any other relief this Court deems proper

## COUNT III
**Retaliation in Violation of 42 U.S.C. § 2000e (Against GL Staffing Services, Inc.)**

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-58 of this complaint as if set out in full herein.

60. Plaintiff is a member of a protected class under Title VII.

61. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

62. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

63. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

64. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

65. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

66. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   **A.** Actual damages as a result of Defendant's discriminatory actions;
   **B.** Punitive damages due to Defendant's willful behavior;
   **C.** Compensatory damages;
   **D.** Injunctive relief where feasible;
   **E.** Attorney's fees;
   **F.** Costs of this action; and
   **G.** Any other relief this Court deems proper

## COUNT IV
**Sex Discrimination in Violation of the FCRA (Against GL Staffing Services, Inc.)**

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-66 of this complaint as if set out in full herein.

68. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues § 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to

discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals sex.

69. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex considerations or reasons.

70. The Plaintiff is a female and she possessed the requisite qualifications and skills to perform her position with Defendant.

71. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, male employees were allowed better work opportunities by not being subjected to termination and receiving better benefits from Defendant.

72. The Plaintiff was terminated as a result of her sex and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

73. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

74. Moreover, as a further result of the Defendant unlawful sex based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

75. Plaintiff was qualified for her position with Defendant.

76. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her sex in the terms, conditions, and privileges of employment.

77. The Defendant's actions were malicious and were of reckless indifference to the Plaintiff's rights pursuant to Florida Statute § 760, protecting a person from discrimination because of sex.

78. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Actual damages as a result of Defendant's discriminatory actions;
   B. Punitive damages due to Defendant's willful behavior;
   C. Compensatory damages;
   D. Injunctive relief where feasible;
   E. Attorney's fees;
   F. Costs of this action; and
   G. Any other relief this Court deems proper

### COUNT V
**Hostile Work Environment in Violation of the FCRA (Against GL Staffing Services, Inc.)**

79. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-78 of this complaint as if set out in full herein.

80. Plaintiff is a member of a protected class under the FCRA.

81. As part of its protections, the FCRA protects the rights of employees to work in a safe workplace free from harassment or abuse.

82. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

83. The harassing conduct Plaintiff was subjected to was perpetrated against her as a result of her being Female.

84. The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

85. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

86. As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    **A.**    Actual damages as a result of Defendant's discriminatory actions;
    **B.**    Punitive damages due to Defendant's willful behavior;
    **C.**    Compensatory damages;
    **D.**    Injunctive relief where feasible;
    **E.**    Attorney's fees;
    **F.**    Costs of this action; and
    **G.**    Any other relief this Court deems proper

### COUNT VI

**Retaliation in Violation of the FCRA (Against GL Staffing Services, Inc.)**

87. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-86 of this complaint as if set out in full herein.

88. Plaintiff is a member of a protected class under the FCRA.

89. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

90. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

91. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

92. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

93. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

94. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Actual damages as a result of Defendant's discriminatory actions;
B. Punitive damages due to Defendant's willful behavior;
C. Compensatory damages;
D. Injunctive relief where feasible;
E. Attorney's fees;
F. Costs of this action; and
G. Any other relief this Court deems proper

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: May 11, 2022

                                          ***Jason Tenenbaum, Esq.***
                                          Florida Bar No.: 0670200
                                          Attorney for Plaintiff
                                          Tenenbaum Law Group, PLLC
                                          1600 Ponce De Leon Boulevard, 10th Floor
                                          Coral Gables, FL 33134
                                          Telephone: (305) 402-9529
                                          Email: Jason@tenenbaumlawgroup.com
                                          Matter# 8850-0048